```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
UNITED STATES OF AMERICA                          :
                                                  :         MEMORANDUM OPINION
v.                                                :         AND ORDER
                                                  :
EGBERTO DEJESUS VAZQUEZ,                          :         17 CR 163-1 (VB)
                              Defendant.          :
--------------------------------------------------------------x
```

Briccetti, J.:

Now pending is defendant Egberto DeJesus Vazquez's motion to reduce his term of imprisonment to time served, pursuant to 18 U.S.C. § 3582(c)(1)(A)(i).  (Doc. #52).  Vazquez asserts that the current COVID-19 pandemic and his underlying health concerns warrant his early release.

For the following reasons, the motion is DENIED.

First, Vazquez's offense was exceptionally serious.  He was the leader of a drug trafficking organization that purchased heroin in the Bronx and then re-sold it to mid- and street-level dealers in upstate Middletown, New York.  After he was arrested and incarcerated on local charges, he continued to run the heroin operation from inside the Orange County Jail.  He also had numerous prior convictions, had served eight prior jail sentences, and was on federal supervised release when he committed the instant offense.

On October 19, 2017, after careful consideration of the nature and circumstances of the offense and the history and characteristics of the defendant, as well as all the 18 U.S.C. § 3553(a) factors, the Court sentenced Vazquez to sixty-seven months' imprisonment, to be followed by five years of supervised release.  The sentence was later reduced to sixty-two months to account for a state prison sentence Vazquez served for an offense that was relevant conduct to the instant offense.  The Court found that the sentence was sufficient but not greater than necessary to

reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence, and protect the public from further crimes of the defendant.

Vazquez's federal sentence began to run on August 8, 2017, after the completion of a prior state sentence, and he has been detained since then. Thus, to date, he has served approximately forty months of his sixty-two-month sentence, or approximately sixty-five percent of the sentence imposed.

Second, Vazquez has not demonstrated "extraordinary and compelling reasons" to warrant the extraordinary relief being sought—namely, early termination of a lawfully imposed prison sentence—taking into account both his medical history and his risk of exposure to and complications from the virus. See 18 U.S.C. § 3582(c)(1)(A)(i). Vazquez is forty-eight years old. He is neither elderly nor infirm. Prior to sentencing, he told the probation department he took medication for back pain, but was otherwise in good health and had no history of other health problems. He now claims he has a history of cardiovascular and neurological conditions, including heart problems and two strokes, in addition to chronic pain from a prior motorcycle accident. Vazquez's Bureau of Prisons medical records, however, do not show any cardiovascular or neurological conditions, nor do they reflect a history of heart problems or strokes. They do show he has a skin condition and elbow and back pain, as well as anxiety and depression, for which he has received treatment. Indeed, in his request that the warden of his facility file a compassionate release motion on his behalf, the only health concerns he mentioned were "pain in my bones and lower back" and that he was "pre-diabetic." (Doc. #52 Ex. A). In short, contrary to the representations made in the instant motion, Vazquez does not have any documented medical condition that increases his risk of exposure to and complications from COVID-19. Moreover, his medical records reflect that he has received appropriate medical care while incarcerated.

Of course, Vazquez is at risk for contracting the virus at FCI Allenwood Low, where he is currently housed.  However, the Court is persuaded by the government's submission that FCI Allenwood Low has taken substantial measures to respond to the COVID-19 threat at its facility, thereby mitigating its spread, and has the means to competently care for its inmate population.  Indeed, there are currently no confirmed cases among inmates at that facility, and the few inmates and staff who previously had COVID-19 have recovered.  See COVID-19 Cases, Fed. Bureau of Prisons, https://www.bop.gov/coronavirus/ (last visited December 1, 2020).

Finally, as required by Section 3582(c)(1)(A), the Court has considered "the factors set forth in section 3553(a) to the extent that they are applicable."  The extremely serious nature of Vazquez's offense, as well as his lengthy criminal history, warranted a lengthy prison sentence at the time it was imposed; nothing has changed to warrant cutting that sentence by more than a third.  Indeed, the sentence was designed to promote respect for the law and provide just punishment for the offense.  To substantially reduce the sentence in light of the current public health crisis would neither be just nor promote respect for the law; if anything, it would promote disrespect for the law.  And shortening Vazquez's sentence would also undermine two other critical sentencing objectives in this case, namely, the need for the sentence imposed to afford adequate deterrence to criminal conduct and to protect the public from further crimes of the defendant.  These sentencing factors not only supported the sentence at the time it was imposed, they also weigh strongly against Vazquez's early release, especially since Vazquez was on supervised release at the time he committed the offense.

Accordingly, defendant Egberto DeJesus Vazquez's motion to reduce his term of imprisonment is DENIED.

Chambers will mail a copy of this Memorandum Opinion and Order to defendant at the following address:

    Egberto DeJesus Vazquez
    Reg. No. 66785-054
    FCI Allenwood Low
    P.O. Box 1000
    White Deer, PA  17887

Dated: December 1, 2020
       White Plains, NY

SO ORDERED:

*[signature]*

Vincent L. Briccetti
United States District Judge